# Abrams *v.* Watson *et al.*

## *Injunction. Specific Performance.*

1. *The law implies a covenant for the quiet possession of a lease.*—Although a lease does not contain an express covenant for the quiet possession and enjoyment of the premises during the term, the law implies it, and it is the condition on which rent is payable; but this implied covenant extends only to the acts of the lessor, or of those claiming under him.

2. *A landlord is not responsible for the unauthorized intrusion of his other tenants.*—In the absence of an express covenant, a landlord is not liable to one of his tenants for trespasses or unauthorized intrusions, on that portion of the premises rented to him by other of the landlord's tenants in the same building.

3. *The removal of a fence by the landlord is a disturbance of the tenant's rights.*—The removal by the lessor, without the lessee's consent, of the

fences enclosing the leased premises, is a material disturbance of the rights of the tenant, and entitle him to recover for the damage sustained thereby.

4. *A lessee sued for rent, may recoup damages caused by lessor.*—It is now well settled that a lessee, sued for rent, may set up the breach of the lessor's covenants, from which he has sustained damage, by way of recoupment, to extinguish, or reduce the demand ; this right, however, is purely legal, and in the absence of special equitable grounds, can not be asserted in equity.

5. *A judgment in a case of unlawful detainer against the lessee, will not prevent a resort to equity.*—A judgment against the lessee, in the statutory action of unlawful detainer, will not preclude a resort to equity ; the right to possession is alone involved, and no recoupment or set-off is allowable, for the lessor's breach of his covenants.

6. *The alienees of the lessor occupy his position.*—Alienees of the lessor succeed to rights accruing subsequent to the alienation, subject to existing rights and equities of the lessee.

7. *In a suit for rent, the lessee must recoup the damages.*—If the lessee fails to recoup such damages, and suffers judgment to go against him in an action for the rent, he can not resort to equity.

Mrs. Sarah S. Watson leased to Mrs. Hannah S. Abrams the Montgomery Hall and its appurtenances, situated in the city of Montgomery, for a term of two years, beginning on the first day of October, 1870. The lease included the "eastern half of the vacant lot or lots back of the said hotel." The premises were to be used for a hotel or boarding-house. The lessor agreed "to fix the well and cistern on said lot so far as is necessary to put them in good using order, and to keep the roof in good repair to the end of the term." And the lessee agreed "to pay rent for the same at one hundred dollars per month, each month in advance, the first month upon taking possession : upon failure to pay for any month as above provided for, three days after demand," the lessee agreed that the lessor should, "at her option, terminate the lease, and re-enter and take possession," which the lessee agreed to surrender.

The lessee did not obtain full possession of the premises leased until the 15th day of October, 1870. The lessor's other tenants occupying the lowest story of the Montgomery Hall, intruded upon the yard and into the outhouses of the premises, to the annoyance and injury of the lessee. The lessor removed and sold the lumber composing the fence which enclosed the vacant lot. She did not cause the well and cistern to be cleaned and "put in good using order." This was done under the supervision and at the expense of the lessee. Nor did the lessor keep the roof of Montgomery Hall in good repair, as was required by the terms of the contract. By the failure so to do, many of the rooms became entirely untenantable, and thereby the lessee sustained great loss. But notwithstanding the refusal of the lessor to

[Abrams v. Watson.]

comply with her agreement, the lessee fulfilled all her engagements until the first day of April, 1872. Having paid the lessor eighteen hundred dollars as rent for the premises, she refused to pay any more until the lessor should perform her contract. Thereupon, after demand for the rent, the lessor instituted an action of unlawful detainer against the lessee to obtain possession of the premises. On the 24th of May a judgment was rendered in favor of the lessor, who insisted upon the immediate issue of " the writ of possession."

Subsequently to the execution of the lease, Mrs. Watson removed to the city of New York, where she now resides. Afterwards Mrs. Watson sold the premises leased to Messrs. Eugene Beebe and Ferrie Henshaw. These parties demanded of the lessee rent for the month of May, and upon her refusal to pay it, threatened to bring suit for the possession of the premises.

Mrs. Abrams, the lessee, then filed a bill of complaint in the Chancery Court of Montgomery against Mrs. Sarah S. Watson, Eugene Beebe and Ferrie Henshaw. The complainant alleged, among other matters, that Mrs. S. S. Watson had no property in Alabama out of which the complainant could collect the damages she might recover, and none to her knowledge in New York, except what might be due her from Beebe and Henshaw for the purchase of the said premises. This allegation was not denied by her. The complainant prayed that " Mrs. Watson be enjoined from further proceeding to obtain possession of said property, by her present or any other suit; and that said Beebe and Henshaw be enjoined from bringing suit for possession of or for rent for said property; that Mrs. S. S. Watson be decreed to a full performance of the contract of lease; that the complainant have full compensation in damages, and that she be permitted to recoup or set-off a sufficiency against any claim for rent upon said lease now due, or to become due, for the term; that she be permitted to attach five hundred dollars in the hands of Beebe and Henshaw, due from them to Mrs. Watson; and that on final hearing said injunction be made perpetual, and that complainant have a decree against S. S. Watson for any amount found due her."

The defendant, Watson, admitted the allegations of the said bill, and demurred to it on the following grounds, viz.:

1. The complainant had " a plain, adequate and complete remedy at law."

2. That the bill shows that the complainant had no right

Vol. lix.

[Abrams v. Watson.]

to retain the "hotel and to set-off the use or rent against any supposed claim against the respondent."

3. The complainant had a remedy at law to set aside or reverse the judgment of unlawful detainer.

4. The complainant seeks by the bill to obtain satisfaction of any claim against the respondent out of rent due and falling due to the said Beebe & Henshaw, and to retain possession of the premises without security, for the remnant of the term.

5. The bill was multifarious, and contains no equity.

The court overruled the demurrer. At the next term thereafter, a motion to vacate and set aside the order overruling the demurrer, and granting a rehearing on the demurrer, was made.

The demurrer to the bill was then sustained, and the bill of the complainant was dismissed.

D. S. TROY, for appellant.—1. The demurrer was sustained, and at a subsequent term the same demurrer was overruled. This was erroneous. Lord ELDEN says when a demurrer is overruled, another demurrer, the same both in form and substance, can not be put in, because there can be no limit to such pleading.—11 Vesey, 68. A demurrer in equity is nearly the same as a demurrer at law. It is an appeal to the judgment of the court.—3 Black. Com. 446. And if overruled, the defendant is required to answer.

2. But granting that the rehearing might have been had at the same term of the court, it could not be had at a subsequent term of the court.—Rule Chancery, Revised Code, 834. But appellees strictissimi juris had no right to interpose a demurrer, not having asked time for that purpose. 10 Vesey, 444.

3. The complainant had a right to demand a specific performance of the contract, whose covenants had been broken by the lessor. The complainant had complied with the agreement fully and until the lessor also had performed her covenants, a further compliance on the part of the appellant would have caused irreparable injury to her.—Story Eq. Juris. § 721. She had a right to end the lease.—13 Sim. 477; 25 Wend. 443; and to be relieved from the payment of rent.—18 Vesey, 56 (M. P.) 60. The lessee being in possession, the vendees of the lessor took the premises with the knowledge of the lease, and are chargeable with all the equities arising therefrom.—Washb. on Real Prop. 323 et seq.

4. The principle is well settled that when the jurisdiction

[Abrams v. Watson.]

of a court of equity has attached, it will go on and settle all the equities between the parties.—31 Ala. 24; 1 Brick Dig.- 639; §§ 56–7. The complainant had also the right to set-off or recoup her damages and to the other relief prayed for in the bill.—Adams, Eq. 223.

ELMORE & GUNTER, for appellees.—1. It has always been the rule that until the decree has, under the English practice, passed under the great seal, or been enrolled, and under our practice, until it assumes the character of a final decree, it is liable to be altered by the court itself, upon a rehearing. 2 Dan. Ch. Pract. 1221; 2 Smith, Chancery Pract. 17, 18, 19; Bacon's Ord. No. 1; 21 Ala. 179.

A decree is never final under our practice, unless it settles all the equities of the case and will support an appeal.—32 Ala. 13; 37 Ala. 453.

A demurrer overruled does not result in a final decree. If no answer is filed, a decree *pro confesso* must be taken, and a submission and final decree on such submission before an appeal can be taken.

2. A slight examination of the bill of complaint filed in this cause, will convince any one that the demurrer was well taken, and that the bill was properly dismissed.

The complainants' remedy at law, in any event, was plain,. adequate and complete. If the judgment of the justice in the unlawful detainer case was *void*, the complainant could have fully protected herself by a writ of *prohibition* from a superior court of law.—2 Brick. Dig. 389.

If it was voidable or erroneous, her remedy by appeal was perfect.—Revised Code, § 3313; *Moore v. Jones*, 13 Ala. 296.

The bill clearly shows no right on the part of complainant to retain the possession against the vendees of Watson. It shows that the title to the property had legally passed to Beebe & Henshaw, and that they were entitled to the rents and profits, and yet it seeks to impound rents falling due to them, and to allow them to her on account of *legal damages* which the bill claims she was entitled to against Watson. The bill is in effect one against the vendees of Watson to subject their property to the satisfaction of legal demands of the complainant against Watson without attempting even to show a reason for such a liability and demand.

BRICKELL, C. J.—Though there may not be in a lease,. an express covenant for the quiet possession and enjoyment of the premises during the term, the law implies it, and it is

VOL. LIX.

[Abrams v. Watson.]

the condition on which rent is payable. In the absence of an express covenant, the lessor is not liable for the acts of mere trespassers or wrong-doers, disturbing the tenant in the quiet enjoyment and possession, or preventing him from entering on the premises. For such wrongs or trespasses, the law affords the tenant protection, and the covenant of the lessor which is implied, extends only to his own acts, or the acts of those claiming under him, or which are done under his authority, or under a title paramount. The complainant had ample remedy for the ejection of the tenants holding over, after the commencement of her term, and for the recovery of such damages from them, as resulted from the wrongful holding. There is no express covenant against such interruptions, nor is it averred they were authorized by the lessor. The intrusions of the tenants of the basement, so far as disclosed by the bill were mere trespassers, unauthorized by the lessor, and for which she rests under no liability. Taylor's Land. & Ten. § 304–17. True, it is averred, these persons *claimed* they had authority from the lessor, but this does not involve the fact of such authority.—*Jones v. Cowles*, 26 Ala. 612. In the consideration of the equity of the bill, all claim against the lessor because of these wrongs must be discarded.

Discarding them, the bill though it may be rather vague and indefinite in its allegations, shows, that the complainant was by the lessor molested in the rightful use and enjoyment of the premises, and that the covenants for repairs were broken, and that the resulting damages equalled, if they did not exceed the rent due, and which would accrue for the expiration of the term. The lease conferred on the tenant, the use and enjoyment not only of the hotel building, but of the lots of ground described. The lessor was as much bound to protect her in the use and enjoyment of the one, as the other, and was without right to disturb her in, or render less valuable the possession of either. The removal of the fences enclosing the lots, was a material disturbance of the rights of the tenant. It was probably an eviction, which would have authorized the tenant to abandon the lease. It certainly entitles her to recover the damages which she may have sustained from it.—Taylor's Land. & Ten. § 315.

In *Hill v. Bishop*, 2 Ala. 320, it was held, that a leseee, when sued for rent, had the right of recoupment for damages arising from the breach of the lessor's covenant to repair. Independent of our present statute, which enlarges the demands, the subject of set-off, embracing unliquidated

demands, not sounding in damages merely, as well as liquidated demands, since the decision in *Greene v. Linton*, 7 Port. 133, without regard to the inquiry, whether the covenants in a deed, or the stipulations in a contract, were dependent or independent, a defendant, has not been driven to a cross-action, but has been allowed to set up by way of recoupment, damages resulting to him from the plaintiff's breach of covenant, or contract. And the general principle, is now well settled, that a lessee sued for rent, may set up the breach of the lessor's covenants, from which he has sustained damage, by way of extinguishing or reducing the demand.—Taylor's Land. & Ten. §§ 373–74; Waterman on Set-off, 580; *Ives v. Van Epps*, 22 Wend. 155; *Mayor, &c. v. Malie*, 3 Kern. 151; *Fairman v. Fluck*, 5 Watts, 516.

The right is legal, and if there was not some fact or circumstance intervening, embarrassing, or rendering its assertion impossible in a court of law, a court of equity would not interfere. The residence of the lessor in another State, rendering ordinary legal remedies against her unavailing, coupled with her insolvency, are circumstances which authorize a court of equity to interfere for the relief of the lessee. *Tone v. Brall*, 8 Paige, 596; *White v. Wiggins*, 32 Ala. 424; *T. C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206; *Donelson v. Posey*, 13 Ala. 752. These facts concurring—the non-residence and insolvency of the lessor, would of themselves authorize the court of equity to take jurisdiction, for the relief of the lessee, if there is not a judgment at law against her, and she has not lost her right, because of her failure to make defence. The equity of the present bill is maintainable also upon another ground.

The fact is averred by the bill, and the demurrer admits, that the judgment in the action of unlawful detainer is founded wholly on the tenant's forfeiture of the lease, by the failure or refusal to pay rent on the day it was demandable. The lease contains the following stipulation : " The party of the second part agrees to pay rent for the same, one hundred dollars each month in advance, the first month on taking possession. Upon failure to pay for any month as above provided for three days after demand, the party of the second part agrees, that the party of the first part may at her option terminate said lease, and re-enter and take possession which the party of the second part agrees to give." Having paid rent for eighteen months of the term, the tenant refused further payment, because as she claims, the damages suffered

[Abrams v. Watson.]

from the breach of the lessor's covenants equal the rent due, and to accrue.

Covenants of this kind, for the forfeiture of a lease, and the re-entry of the lessor, by a breach of the lessee's covenant for the payment of rent, in courts of equity, and of law, are regarded as intended as a mere security for the payment of the rent. In a court of equity they are treated as the condition in a mortgage, by which at law, on default of the mortgagor in payment of the mortgage debt, the estate of the mortgagee becomes absolute and indefeasible. They are relieved against, as the mortgagor is relieved, on payment of the rent due, and damages which the lessor may have sustained.—Taylor's Land. & Ten. § 495; 2 Story's Eq. § 1315. And relief is afforded, though the lessor may in ejectment have recovered possession of the premises.— *Wadman v. Calcraft*, 10 Vesey, 67; *Davis v. West*, 12 Vesey, 475; *Hill v. Barclay*, 16 Vesey, 402. The principle on which the court proceeds, is that the right of the one party, and the duty of the other, is compensation. This may be afforded, as well by extinguishing or reducing demands against the lessor, as by a payment in money, if these demands are such as would be the matter of set-off or recoupment in an action at law by the lessor for the recovery of the rent. In *O'Connor v. Spaight*, 1 Sch. & Lef. 305, the accounts between the lessor and lessee, had become too complicated for adjustment in an action at law. The tenant refusing further payment of rent, the lessor claiming a forfeiture of the lease commenced ejectment for the recovery of possession, which was enjoined. And in *Beasley v. Darcy*, 2 Schoales & Lef. 403, a similar action was enjoined, because the lessee had demands growing out of the lessor's breaches of covenant, equalling the rent. In an action of ejectment, or in the statutory action of unlawful detainer, the right of possession alone is involved. The only inquiry the court can make, is whether the lease has been forfeited, and the lessor has the right of re-entry. There can be no set-off or recoupment allowed the lessee, because of the lessor's breach of covenants. This could be obtained only in an action *ex contractu*. The judgment in the action of unlawful detainer does not conclude the complainant, therefore, from relief in equity.

Nor is her right affected by the lessor's alienation of the premises. The alienees succeed to the right accruing subsequent to the alienation, but it is subject to all the existing rights and equities of the lessee, against the lessor.

The bill is not subject to the objection of multifariousness.

[Whitman v. Reese.]

All its averments, and its prayer for relief relate to the lease, the rights claimed under it, and the damages sustained by the lessor's breach of its covenants. By the alienation, and by the rights the alienees claimed under it, it was indispensable to full relief, and to the protection of the tenant against their claims, that they should be made parties.

We do not think the bill was subject to the demurrer, and the chancellor was in error in sustaining it. The decree is reversed, and the cause remanded.

STONE, J., not sitting.