# Brock *v.* Desmond & Co.,*et al.*

*Damages for the Breach of Covenant of Lease.*

(Decided Feb. 6, 1908. 45 South. 665.)

1. *Landlord and Tenant; Sub-lesee; Right of; Default of Tenant in Chief.*—A sub-tenant holds subject to the terms of the original lease and if the chief tenant fails to perform any of the conditions of the original lease the landlord may by apropriate proceedings recover the possession from the tenant and the sub-tenant, although the sub-tenant may have paid his rent to his immediate landlord and have performed the conditions of his lease in all other respects; the remedy of the sub-tenant in such case is against his immediate lessor on the covenants of the sub-lease for quiet enjoyment.

2. *Same; Contents of Lease; Notice of Sub-Tenant.*—A Subtenant is chargeable with knowledge of the contents of the original lease.

3. *Same; Right of Landlord; Condition of Lease.*—Where the original lease provided for the forfeiture of the lease for a default in the payment of rent and the lessee had failed to pay after demand and the lease declared annulled for non-payment after notice, the original owner had the right to take possession and re-lease the premises and the new lessee had the right to possssion as against anyone including the sub-tenant of the first lessee.

4. *Same; Voluntary Surrender by Chief Tenant.*—While a chief tenant cannot voluntarily surrender a possessory right, to the prejudice of his sub-tenant, yet when he forfeits his right by non-payment of rent, thus affording the landlord the right to annul the lease, the act in assenting to the annullment is not a surrender of any right but a surrender of possession to which the original landlord is entitled.

[Brock v. Desmond & Co., et al.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Marion W. Brock, administratrix, against Desmond & Co. and others. From a judgment for defendants Desmond & Co., plaintiff appeals. Affirmed.

Desmond & Co. owned a certain storehouse and lot in Birmingham, Ala., which they rented to the Killan-Randle Product Company upon the terms and conditions as stated in the opinion of the court. The Killan-Randle Company sublet to plaintiff's intestate a part of the premises. Upon the default of the Killan-Randle Company, and after notice of default and demand, the defendants took charge of the property and re-leased it to others than the present plaintiff, and this action is to recover damages for the dispossession and breach of covenant for quiet enjoyment under the lease. There was judgment for defendants Desemond & Co., and plaintiff appeals.

STERLING A. WOOD, for appellant. Counsel discusses assignments of error but without citation of authority.

JOHN T. GLOVER, for appellee. Counsel insists that the case should be affirmed because the assignment of errors is upon a separate sheet of paper, and cite the authorities in support of his contention.

ANDERSON, J.—The intestate, Brock, being the undertenant, held the premises subject not only to the terms of his own demise, but subject as well to the performance of the terms and conditions impressed upon the estate by the provisions of the original lease from the ground landlord. If, therefore, the tenant fails to pay his rent or perform any other condition of the original lease, the landlord may by appropriate legal proceedings enforce such performance, and, if they result

in removing the tenant, the undertenant may as a necessary consequence be removed also, and this, notwithstanding the undertenant may have paid his rent to his immediate landlord, and in every other way performed the conditions of his lease; the remedy of the undertenant for such eviction being confined to his immediate lessor upon covenants of the underlease for quiet enjoyment. "The undertenant is chargeable with knowledge of the contents of the original lease. Notice of the lease is generally notice of its contents."—McAdams on Landlord and Tenant, p. 816, § 248.

The original lease provided for a forfeiture in case of default in payment of the rent, and the proof shows that the lessee, Killan-Randle Produce Company, was in arrears; that the rent was demanded, and upon nonpayment the lease was declared annulled by the agent of the owner, after notice to the lessee. This annulment of the original lease gave the original owners the right to take possession and re-lease the premises, and their new lessee had the right to the possession as against any one, including the undertenant of the Killan-Randle Produce Company. It is true a tenant in chief cannot voluntarily surrender a posessory right that has accrued to him to the prejudice of a subtenant (24 Cyc. 1383; Brown v. Butler, 4 Phila. [Pa.] 71); but in the case at bar there was no voluntary surrender of a right, but a forfeiture for non-payment of the rent, which gave the landlord the right to annul the contract under the terms thereof, and the act of the lessee in assenting was not the surrender of any right, as the right to hold had been forfeited, but it was a mere surrender of possession, to which the owners were entitled.

While there are many assignments of error, the brief of counsel for appellant consists of a mere statement of the case, with perhaps an insistence that the trial court

[Stennett v. City of Bessemer.]

erred in giving the general charge requested by the defendant. The defendants in this case having been entitled to the possession of the property, and having committed no breach of the peace, and used no unnecessary force to acquire the same, the trial court did not err in giving the general charge requested by the defendant.

The judgment of the circuit court is affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.