(81 South. 560)

BANCROFT v. VIZARD. (1 Div. 53.)

(Supreme Court of Alabama. May 1, 1919.)

LANDLORD AND TENANT ☞79(2)—ASSIGN-MENT OF UNDIVIDED INTEREST IN LEASE-HOLD ESTATE—LIABILITY OF ASSIGNEE.

Purchaser of an undivided interest in leasehold estate makes himself a privy in estate with original lessor, and, as there is no privity of contract between the two, purchaser is liable to lessor only as a privy in estate in respect to covenants running with the land only in proportion to his interest.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Catherine Bancroft against William Vizard. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first and second counts are the common counts. The third count set up a contract wherein, for certain considerations, Catherine Bancroft leased for a certain term of years to the firm of Hieronymus Bros. a certain

tract of land on the river front in Mobile and certain personal property situated thereon. Later, with the consent of the landlord, the firm of Hieronymus leased the premises to the J. W. Black Lumber Company, a corporation, which assumed all the burdens of Hieronymus Bros. under the contract. Still later, with the consent of the landlord, the J. W. Black Lumber Company duly transferred and assigned its lease of the premises and personal property to William Hieronymus, who assumed all the burdens of the lessee under the original contract. About 20 days after the J. W. Black Lumber Company transferred and assigned its lease to William Hieronymus, the said William Hieronymus and William Vizard, the defendant and appellee, entered into the following written contract:

State of Alabama, Mobile County.

This is an agreement for the purchase and sale of certain personal property and lease rights by and between William T. Hieronymus, party of the first part, and William Vizard, party of the second part.

The party of the first part hereby sells, assigns, transfers and sets over to the party of the second part, an undivided one-half interest in and to all of the personal property and lease rights, rentals and other things more fully described in an agreement executed January 21, 1911, by and between the J. W. Black Lumber Company and the said party of the first part. The said agreement with certain notes described therein are now deposited in the Bank of Mobile National Banking Association of Mobile, Alabama. Reference to said agreement is hereby expressly made.

The terms of these presents is that the party of the second part shall furnish the necessary money to finance the deal. The cash payment of three thousand ($3,000.00) dollars referred to in the said J. W. Black Lumber Company agreement is hereby acknowledged to have been furnished the party of the first part by the party of the second part, likewise, two hundred and seventy-three and 70/100 dollars paid by the party of the second part on account of an insurance policy, is hereby acknowledged to have been furnished to the party of the first part.

All rentals not represented by notes are to be collected by party of the first part, and by him delivered to party of the second part, who shall keep an account showing all receipts and disbursements.

It is understood that the partnership shall pay party of the second part interest on all advances, and that after paying all of the debts of the partnership herein created, that the surplus, if any, or the deficit should that be the case, shall be equally divided between the parties to this agreement.

The breaches alleged are the failure by Vizard to comply with certain conditions and burdens imposed upon the lessee by the contract, each of which were specifically set forth.

---

Gordon & Edington, of Mobile, for appellant.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

SAYRE, J. The controlling question in this case is whether appellee by his agreement in writing with William T. Hieronymus became an assignee or sublessee of an interest in the premises which appellant had in the first place let to the firm of Hieronymus Bros. for a term of years. We can do no better than to quote in this connection the language of the Supreme Judicial Court of Massachusetts in a case cited by appellee:

"To constitute an assignment of a leasehold interest, the assignee must take precisely the same estate in the whole or in a part of the leased premises which his assignor had therein. He must not only take for the whole of the unexpired time, but he must take the whole estate, or in other words, the whole term; for, in the language of Blackstone, 'the word "term" does not merely signify the time specified in the lease, but the estate also and interest that passes by that lease; and therefore the term may expire during the continuance of the time, as by surrender, forfeiture and the like.' 2 Bl. Com. 144. The grant of an interest therefore which may possibly endure to the end of the term is not necessarily a grant of all the estate in the term. * * * Where an estate is conveyed to be held by the grantee upon a condition subsequent, there is left in the grantor a contingent reversionary interest. * * * The entire interest does not pass out of the grantor by the same instrument or conveyance. * * * These considerations * * * apply where, by the terms of an instrument which purports to be an underlease there is left in the lessor a contingent reversionary interest, to be availed of by an entry for breach of condition which restores the sublessor to his former interest in the premises. The sublessee under such an instrument takes an inferior and different estate from that which he would acquire by an assignment of the remainder of the original term, that is to say, an interest which may be terminated by forfeiture on new and independent ground long before the expiration of the original term. If the smallest reversionary interest is retained, the tenant takes as sublessee and not as assignee." Dunlap v. Bullard, 131 Mass. 161.

This is in accord with the modern authorities generally. Bruce Coal Co. v. Bibby, 77 South. 545;[1] 5 C. J. 842 et seq.; 16 R. C. L. p. 825, § 320. A summary statement of this doctrine, taken from 24 Cyc. p. 974, was quoted in Johnson v. Thompson, 185 Ala. 666, 64 South. 554. These authorities would make appellee an assignee of the leasehold, unquestionably, if William T. Hieronymus had made over to appellee his entire interest in the leasehold estate on similar terms. But the fact is, appellee and Hieronymus were forming a partnership for the purpose of carrying on a sawmilling business on the premises which the latter held by assignment

[1] 201 Ala. 121.

from the J. W. Black Lumber Company, which had in its turn taken an assignment from Hieronymus Bros., the original lessees, and to that end had, by the instrument alleged in the complaint, made over to appellee an undivided half interest in the "lease rights, rentals, etc.," described in the assignment from the J. W. Black Lumber Company to William T. Hieronymus, being the same "lease rights, rentals, etc.," described in the original lease from appellant to Hieronymus Bros. Upon the fact that he took an undivided half interest in the leasehold estate and upon the text quoted from the Massachusetts Case—closely followed in Davis v. Vidal, 105 Tex. 444, 151 S. W. 290, 42 L. R. A. (N. S.) 1084—appellee bases his contention that he was a sublessee, not an assignee.

Neither of the cases, supra, upon which appellee relies, involved the peculiar fact made by appellee the cornerstone of his argument. In neither of them was there a transfer of an undivided interest in a leasehold estate. Nor was the doctrine of those cases formulated with reference to any such case, but with specific reference to the question at hand and on the authority of elaborate notes to Kanawha-Gauley Coal & Coke Co. v. Sharp (73 W. Va. 427, 80 S. E. 781) reported Ann. Cas. 1916E, 786, 52 L. R. A. (N. S.) 968. It is said in 16 R. C. L. p. 855, that as a general rule an assignee of an undivided interest is liable for a proportionate part of the subsequently accruing rent. In Coburn v. Goodall, 72 Cal. 498, 14 Pac. 190, 1 Am. St. Rep. 75, the court maintained that, where several persons became the assignees of undivided parts amounting to five-eighths of the whole interest in a lease, they were "jointly and severally liable on covenants to repair and deliver up at the end of the term." It may have been so held on the ground that the covenant there in question was considered to be indivisible (Van Rensselaer v. Bradley, 3 Denio [N. Y.] 135, 45 Am. Dec. 451); but, however that was, Ruling Case Law, on the authority of the case above referred to, and the cases shown in the editorial note, holds that, according to what seems the better view, if several persons hold the entire interest of the original lessee of premises, not as joint purchasers, but by separate deeds or assignments, each of them having an undivided interest, they are not jointly liable to the lessor for the whole rent, but each assignee is severally liable for a part only, according to his interest in the premises as compared with the whole interest under the lease. And as to the liability of an assignee of a part of the premises, a question closely related in principle to the question at issue in the present case, it is said that—

"According to the prevailing view, one who acquires by assignment the lessee's interest in

a distinct part of leased land is, as to such part, in privity of estate with the lessor, and liable to him for a proportionate share of the rent." 16 R. C. L. p. 854, § 357.

This last principle is clearly stated as the result of the cases in 24 Cyc. 1180. It appears, therefore, that when the authorities stating the general rule as to what constitutes an assignment of a lease as distinguished from a sublease, say in general terms that the instrument must convey the whole term, leaving no reversionary interest in the grantor, they intend—and, indeed, they say no more—that, to constitute an assignment, there must remain in the grantor no reversionary interest in that part of the leasehold estate which is assigned.' We hold, therefore, that by his acceptance of an undivided interest in the leasehold estate in the terms of the instrument set out in the complaint, appellee made himself a privy in estate with the original lessor.

It is everywhere agreed that the assignee in a case of this character becomes responsible to the original lessor on the covenants of the original lease on the ground that he makes himself a privy in estate with the original lessor, if the lessor chooses to pursue him; the theory being that the land is the principal debtor, and that the assignee takes the land with all the advantages to be derived from the agreement of the grantor concerning it, and he assumes all the burdens resulting from the covenants or agreements of his assignor, the original grantee. Simmons v. Fielder, 46 Ala. 304. The authorities consider that a transfer, such as we have in this case, is a sublease as between the original lessee and his transferee, but an assignment as between the original lessor and the transferee. 5 C. J. 845. Both relations involve privity of estate, so that it is not true that, so long as there is privity of estate between the lessor and the lessee, there can be no privity between the lessor and an assignee of the lease. As there is no privity of contract between the lessor and the assignee of the lease, the latter is personally responsible only as a privy in estate, or in respect to covenants running with the land, while he enjoys, or has the right to enjoy, the premises, or some part thereof, as an assignee of the lease. Childs v. Clark, 3 Barb. Ch. (N. Y.) 52, 49 Am. Dec. 164. And as he is liable by virtue of his privity, it would seem that he should be liable only in proportion to it. St. Louis Public Schools v. Boatmen's Ins. Co., 5 Mo. App. 91.

In a proper state of the proof, supplementing the lease and the several assignments thereof which we have had under consideration, plaintiff, appellant, would have been entitled to recover on the third count of her complaint. Apart from the agreement of counsel, offered in evidence, there was proof of substantial damages. We need not decide the question raised by the objection to the stipulation of counsel. We presume that question will not be allowed to recur in its present shape.

The court erred in giving the general charge for appellee.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.