(92 South. 406)

CESAR et al. v. VIRGIN et al.    (6 Div. 563.)

(Supreme Court of Alabama.    Dec. 22, 1921. Rehearing Denied Jan. 19, 1922.)

1. Landlord and tenant ⟐109(1)—Forfeiture of lease for nonpayment of rent will be relieved against by payment of rent and damages.

Equity in general will relieve against the forfeiture of a lease for nonpayment of rent by the payment of the rent due and damages which the lessor sustained, the theory being that covenant of forfeiture for nonpayment of rent is intended as a mere security.

2. Landlord and tenant ⟐104—Forfeiture of lease for breach of covenant not to sublease without lessor's consent will not be relieved against.

Where no exact compensation can be made in money, equity will not relieve against the forfeiture of a lease for breach of covenants not to sublease without lessor's consent and not to use premises for any other than mercantile purposes.

3. Landlord and tenant ⟐134(2)—Shoe shining parlor and hat cleaning shop is not a "mercantile establishment" within meaning of lease.

A shoe shining parlor and hat cleaning shop is not a "mercantile establishment" within the meaning of a lease providing that the premises shall not be used for any other than mercantile purposes.

4. Landlord and tenant ⟐105—Breach of covenant gives lessor a waivable option to cancel in absence of stipulation that the breach will terminate the lease.

A lease of premises for mercantile purposes only is a grant upon condition, and while the breach of the condition does not of itself terminate the lease, in the absence of a stipulation to that effect, it does give the lessor a waivable option to cancel.

5. Landlord and tenant ⟐80(3)—Subtenant is charged with notice.

A subtenant is charged with notice and bound by all the conditions of the original lease.

6. Landlord and tenant ⟐109(1)—Surrender of lease by original lessee for breach of covenant is an assent to the right of the landlord.

While a tenant in chief cannot voluntarily surrender a lease to the prejudice of a subtenant, where he forfeits his rights by nonpayment of rent and for subleasing without the original lessor's consent, his act in surrendering the lease is not the surrender of any right, but an assent to the right of the landlord under the lease.

7. Landlord and tenant ⟐80(3)—Sublessee cannot deprive original lessor of right to terminate lease for original lessee's breach of covenants.

A sublessee of a part of a leasehold cannot deprive the original lessor of his right to annul the lease for the original lessee's breach of covenants not to sublease without lessor's consent and not to use the premises for other than mercantile purposes.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Bill by Athis Cesar and others against Jennie W. Virgin and others to enjoin an attempted forfeiture of a lease and a dispossessory action. From a decree denying relief, complainants appealed. Affirmed.

N. L. Steele and E. T. Rice, both of Birmingham, for appellants.

Forfeiture for nonpayment of rent will be relieved against in a court of equity, not

only to the lessee, but also to third persons, who have acquired interest under the lease, and whose rights will be defeated by the forfeiture. 59 Ala. 524; 99 Ala. 90, 10 South. 293; 191 Ala. 310, 68 South. 149; 102 Ala. 184, 14 South. 565; 74 U. S. (7 Wall.) 416, 19 L. Ed. 166; 204 U. S. 43, 27 Sup. Ct. 213, 51 L. Ed. 360; 24 Cyc. 1189, 1364; 16 R. C. L. 666. The lessee cannot surrender his term to the prejudice of his assignee or subtenant. 154 Ala. 634, 45 South. 665, 129 Am. St. Rep. 71; 16 R. C. L. § 680; 80 Ark. 441, 97 S. W. 454, 7 L. R. A. (N. S.) 221, 117 Am. St. Rep. 89, 10 Ann. Cas. 423; 4 Phila. (Pa.) 71; 24 Cyc. 1378, 1383. As to the privity of the estate which exists between the landlord and the assignee of the lessee, see 202 Ala. 618, 81 South. 560; 185 Ala. 666, 64 South. 554; 3 Barb. Ch. (N. Y.) 52, 49 Am. Dec. 164; 16 R. C. L. § 854. Under the facts, the subtenant was relieved from the payment of rent. 79 N. C. 354; 19 Cal. App. 755, 127 Pac. 811; 16 R. C. L. § 386; 24 Cyc. 763.

Coleman & Coleman & Spain, of Birmingham, for appellees.

Equity does not grant relief to one whose rights grow out of a breach of contract. 171 Ala. 533, 54 South. 881; 147 Ala. 376, 41 South. 816; 188 Ala. 640, 65 South. 951; 34 Ala. 393, 73 Am. Dec. 457. The bill was not sufficient as a bill to enjoin. (Tex. Civ. App.) 160 S. W. 415. The grant was for mercantile purposes only, and was a grant upon condition, the breach of which entitled the landlord to immediate possession. 180 Ala. 185, 60 South. 382; 45 S. W. 88; 126 Minn. 226, 148 N. W. 46, 52 L. R. A. (N. S.) 718. The sublessee is charged with and bound by all the conditions of the original lease. 154 Ala. 634, 45 South. 665, 129 Am. St. Rep. 71; 11 Wash. 536, 40 Pac. 123; 91 N. Y. Supp. 8.

SAYRE, J. Appellants, to whom we shall for the present refer as sublessees, filed this bill against the prime lessor, appellee Virgin, seeking to be relieved of a forfeiture of the term which said lessor was seeking to enforce and to have enjoined a summary action for possession brought by her. In the trial court a decree was rendered sustaining a demurrer to the bill and dissolving a temporary injunction issued originally in accordance with the prayer of the bill. Appellants seek to review and reverse that decree.

The bill shows that defendant Gilchrist took a lease of the premises, a two-story business house in the city of Birmingham, from his codefendant Virgin for a term of five years; that pending the term Gilchrist sublet the grade or ground floor to one Theos, who later assigned his sublease to complainants; that thereafter Virgin and Gilchrist entered into a contract whereby the latter voluntarily surrendered his original leasehold interest and the interest of sublessees to the former without the knowledge or consent of complainants, appellants, after which— though complainants continually offered to pay to defendant Virgin the rent stipulated in their sublease, an amount in excess of the rent reserved in the original lease, but which said defendant refused to accept—said defendant brought her summary action against complainants to recover possession of the premises. A copy of the original lease is exhibited with the bill and shows that defendant—so to refer to defendant Virgin—let the premises to Gilchrist "for use and occupation by the lessee for mercantile purposes and for no other different object or purpose," and that lessee Gilchrist agreed "not to assign this lease nor underlease or let said premises, or any part or interest therein, without the written consent of the lessor" indorsed on the instrument of lease. Said lease contained the following stipulation also:

"Should the lessee fail to pay the rents as they fall due as aforesaid, or violate any of the other conditions of this lease, the lessor shall then have the right, at her option, to reenter the said premises and annul this lease."

Another exhibit discloses that Gilchrist sublet the grade floor to Theos "for use and occupation as shoe shining and hat cleaning establishment and for no other different object or purpose," and that Theos was not to underlease or sublet, assign or transfer without the written consent of his lessor.

[1-4] It may be conceded that, in general, equity will relieve against the forfeiture of a lease for the nonpayment of rent, the theory being that the covenant for forfeiture on nonpayment is intended as a mere security, and a forfeiture on that account will be relieved against on payment of the rent due and damages which the lessor may have sustained. Abrams v. Watson, 59 Ala. 524. But defendant points out that, construed against the pleader—for the presumption is that complainants have stated their case as strongly as the facts would justify— the bill and its exhibits show, not only the failure to make payment, but a subletting in violation of the terms of the original lease which provided that the lease was not to be assigned nor the premises sublet without the consent in writing of the lessor, nor were the premises to be used for any other than mercantile purposes. And for the reason that no exact compensation can be made, equity will not, under ordinary circumstances, relieve against a forfeiture arising from a breach of covenants other than the covenant to pay rent; for example, the covenant not to assign without license, and other covenants of a special nature. 1 Pom. Eq. Jur. (4th Ed.) § 454. This subject is elaborately treated in the note to Maginnis v. Knicker-

bocker Ice Co., 112 Wis. 385, 88 N. W. 300, 69 L. R. A. 833. The decisions of this court in closely analogous cases sustain the principle stated last above. Brasfield v. Burnwell Coal Co., 180 Ala. 185, 60 South. 382; Keener v. Moslander, 171 Ala. 533, 54 South. 881; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 South. 816. Here the tenant in chief sublet the premises, or a part of them, without the consent of his landlord, and violated his contract in the further respect that he sublet them for other than mercantile purposes. We are of opinion that a shoe shining and hat cleaning shop is not a mercantile establishment within the meaning of the original lease contract in this case. See Cleve v. Mazzoni (Ky.) 45 S. W. 88. A grant of premises for mercantile purposes only is a grant upon condition; and while it is well settled that the happening of the contingency specified in such a contract does not of itself terminate the lease, in the absence of a stipulation to that precise effect, a breach does give the lessor a waivable option to cancel. Hanley Falls Creamery Co. v. Milton Dairy Co., 126 Minn. 226, 148 N. W. 46, 52 L. R. A. (N. S.) 718; 24 Cyc. 1348.

[5, 6] But complainants claim under a sublessee, and it is true in general that a lessee cannot surrender his term to the prejudice of his assignee or subtenant (Brock v. Desmond, 154 Ala. 634, 45 South. 665, 129 Am. St. Rep. 71), and that third persons who have acquired interests in the premises may have relief against a forfeiture when their right would be defeated thereby (Morey v. Hoyt, 62 Conn. 542, 26 Atl. 127, 19 L. R. A. 611). This, however, assumes that the sublease does not offend against the rights of the original lessor, for a sublessee is charged with notice and bound by all the conditions of the original lease. Brock v. Desmond, supra. In the case presented by the record the lessee in chief had incurred a forfeiture—and it is of no consequence whether that forfeiture be assigned to one ground of forfeiture or another—and the act of the original lessee in surrendering his lease was not the surrender of any right, but an assent to the right of his landlord under the terms of the original lease.

Complainants aver that in her summary action to dispossess them defendant "expressly relies" on the default of Gilchrist in the payment of rent by him. The idea seems to be that defendant has thereby waived other grounds of forfeiture; but the complaint in that cause, exhibited with the bill in this, contains nothing doing to show a reliance upon the nonpayment of rent to the exclusion of other causes of forfeiture, nor is there averment of any matter of waiver; that is, that defendant has done or forborne to do anything inconsistent with her right to insist upon a forfeiture on any ground whatever.

[7] Complainants also show that they have offered to pay to Gilchrist the rent for which he bargained when making the sublease, which, however, Gilchrist refused to receive. Complainants further show that they have taken an assignment of the original lessee's interest in the grade floor only, that is, in a part only of the premises embraced in the original lease, and thereupon aver that they are liable to defendant for a "proportionate part" only of the total rent reserved by defendant, and this proportionate part they offer to pay, with interest and such attorney's fee as defendant may have incurred in the premises, and bring the sum so ascertained into court. Their conclusion that complainants are assignees pro tanto (as to which see Bancroft v. Vizard, 202 Ala. 618, 81 South. 560), and so liable for a proportionate part of the rent only, cannot relieve them of forfeiture arising out of the rental contract. As we said in Bancroft v. Vizard, supra, the assignee becomes responsible to the original lessor on the covenants of the original lease on the ground that he makes himself a privy in estate with the original lessor, if the lessor chooses to pursue him. But in this case we apprehend that it is not a matter of consequence whether complainants be held for assignees or sublessees. In neither case can they have a better right than their lessor. In neither case have they been able to deprive defendant, original lessor, of the benefit of the covenants, other than the covenant for rent, upon consideration of which she entered into the original contract of lease.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.