## CITY GARAGE & SALES CO. v. BALLENGER. (6 Div. 569.)

(Supreme Court of Alabama. April 1, 1926. Rehearing Denied May 6, 1926.)

1. **Landlord and tenant** ⬅⟹74—**Lease of real estate for term of years, reduced to writing and signed by parties, passes interest or estate in lands which may be assigned.**

Lease of real estate for term of years, reduced to writing and signed by parties, passes interest or estate in lands which may be assigned, in absence of contrary stipulation.

2. **Landlord and tenant** ⬅⟹76(1)—**Stipulation in lease that premises should not be relet, or that lease should not be assigned without consent of lessor, is usually lawful condition, enforceable by lessor.**

Stipulation in lease that premises should not be relet, or that lease should not be assigned without consent of lessor, is usually lawful condition enforceable by lessor.

3. **Landlord and tenant** ⬅⟹76(3)—**Lessor who, knowing of assignment of lease, accepts assignee as substituted lessee by receiving rent from him without objection, held to have consented to assignment.**

Lessor who, knowing of assignment of lease, accepts assignee as substituted lessee by receiving rent from him without objection, held to have consented to assignment.

4. **Landlord and tenant** ⬅⟹76(3)—**Assignee of lease, who paid rent without objection, held to have succeeded to rights of lessee.**

Where there was evidence that lease was assigned with approval of lessor, and it was not disputed that assignee's payments of rent were received without objection for 5 years of 6-year term, such assignee must be held to have succeeded to rights of lessee, regardless of stipulation requiring consent incorporated in lessor's duplicate copy of lease but not in lessee's copy.

5. **Landlord and tenant** ⬅⟹86(1)—**Option embodied in lease to renew for like term on same rental basis is in equity part of estate granted.**

Option embodied in lease to renew for like term on same rental basis is in equity part of estate granted, and passes to assignee of lease.

6. **Landlord and tenant** ⬅⟹86(1)—**Lessee's tender of renewal lease, conforming to terms of option to renew in present lease, with request for its execution, held exercise of option.**

Lessee's tender of renewal lease, conforming to terms of option to renew in present lease, with request for its execution, held exercise of option, entitling him to specific performance on lessor's refusal to execute it.

7. **Injunction** ⬅⟹26(9)—**Lessee held entitled to enjoin lessor's suit in unlawful detainer as incident to relief, in suit to compel execution of renewal lease as agreed.**

Lessee held entitled to enjoin lessor's suit in unlawful detainer as incident to relief in suit to compel execution of renewal lease as agreed, since equity, treating that as done which ought

to be done, regards lessee as rightfully in possession and acquiring jurisdiction for specific performance, proceeds to complete justice.

**8. Landlord and tenant ⬥108(1)—Stipulation in lease that failure to pay rent within 30 days after it falls due will authorize lessor to terminate contract held valid provision.**

Stipulation in lease that failure to pay rent within 30 days after it falls due will authorize lessor to terminate contract *held* valid provision.

**9. Landlord and tenant ⬥112(2)—General rule is that payment and receipt after forfeiture declared of rents accrued before forfeiture does not waive existing forfeiture.**

General rule is that payment after forfeiture declared of rents accrued before forfeiture and its receipt, without more, does not waive existing forfeiture.

**10. Landlord and tenant ⬥112(2).**

Receipt of rents accruing after cause of forfeiture, without notice to contrary, is waiver of such forfeiture.

**11. Landlord and tenant ⬥112(2)—Where lease is not forfeited ipso facto by nonpayment of rent, full payment and acceptance of accrued rents before forfeiture is declared removes ground of forfeiture.**

Where lease is not forfeited ipso facto by nonpayment of rent, but lessor reserves authority so to do, full payment and acceptance of accrued rents before forfeiture is declared removes ground of forfeiture.

**12. Landlord and tenant ⬥112(2)—Voluntary payment and acceptance of rent on thirty-first day, no forfeiture having been already rightfully declared, held such substantial compliance with obligation to pay in 30 days that equity should not sustain forfeiture of leasehold rights.**

Voluntary payment and acceptance of rent on thirty-first day, no forfeiture having been already rightfully declared, *held* such substantial compliance with obligation to pay in 30 days that equity should not sustain forfeiture of leasehold rights.

**13. Equity ⬥57—Where lessor refused to renew lease, as agreed, on demand of lessee's assignee, latter in equity stood as if renewal had actually been made, regardless of agreement to hold matters in statu quo till its right to renew was settled.**

Where lessor refused to renew lease, as agreed, on demand of lessee's assignee, latter in equity stood as if renewal had actually been made, regardless of agreement to hold matters in statu quo till its right to renew was settled.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by the City Garage & Sales Company against J. A. Ballenger, to enjoin prosecution of a suit in unlawful detainer and to enforce an option to renew a lease. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Coleman D. Shepherd, of Jasper, for appellant.

Complainant has the equitable right to enforce specific performance of the agreement to execute a renewal of the lease, and to enjoin the suit to oust him from possession. Robbins v. Battle House, 74 Ala. 499; 16 R. C. L. § 388; 36 Cyc. 552; 2 Thompson on Real Prop. §§ 1156, 1221, 1233; 32 C. J. 88; Cudd v. Cowley, 203 Ala. 365, 85 So. 13. Unless otherwise expressly provided, the lessee may assign his lease, and the assignee may enforce an agreement to renew. Maddox v. Westcott, 156 Ala. 492, 47 So. 170, 16 Ann. Cas. 604; 16 R. C. L. § 402; 24 Cyc. 996; Robinson v. Perry, 21 Ga. 183, 68 Am. Dec. 455. Forfeitures are not favored in law or equity, and, once waived, will not be enforced. Attalla M. & M. Co. v. Winchester, 102 Ala. 184, 14 So. 565; 24 Cyc. 1364. Acceptance of past-due rent is a waiver of forfeiture. Dahm v. Barlow, 93 Ala. 120, 9 So. 598; Bell v. McKay & Co., 196 Ala. 408, 72 So. 83; 24 Cyc. 1352.

D. A. McGregor, Ray & Cooner and Gray & Powell, all of Jasper, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. [1-3] The lease of real estate for a term of years, reduced to writing and signed by the parties, passes an interest or estate in lands. In the absence of restrictions in the lease, the lessee may assign his right and title under the lease. Failure to state in terms that the grant is to the lessee, "his successors or assigns," does not cut off the right of assignment. The right exists in the absence of stipulations to the contrary. Maddox v. Westcott, 156 Ala. 492, 47 So. 170, 16 Ann. Cas. 604. A stipulation that the premises should not be relet, or the lease should not be assigned, without the consent of the lessor, is usually a lawful condition enforceable by the lessor. Consent to the assignment need not be in writing. If the lessor, knowing of the assignment, accepts the assignee as substituted lessee by receiving the rents without objection, this is sufficient evidence of consent.

[4] In this cause, there is evidence that the lessor was consulted and gave his approval of the assignment beforehand, and there is no dispute that for some 5 years of the 6-year term of the lease the assignee was recognized and rent received from him without objection. Under these facts the assignee succeeded to all the rights of the original lessee. In this state of case, it is immaterial to inquire whether the assignee was bound by stipulations requiring consent incorporated in the duplicate copy held by the lessor, and not in the lessee's copy of the lease.

[5] An option to renew for a like term, on same rental basis embodied in the lease, is, in equity, a part of the estate granted, and

passes to the assignee of the lease. Underhill on Landlord and Tenant, § 815, p. 1391; 35 C. J. p. 1013, § 134.

[6, 7] This feature of the lease is executory in character. The tender by the lessee of a renewal lease conforming to the terms of the option, with request for its execution, all the obligations of the lessee having been met, was an exercise of the option, entitling him to specific performance in equity upon refusal of the lessor to execute the renewal lease. As incident to this relief the lessee was entitled to enjoin a suit by the lessor in unlawful detainer. Equity, treating that as done which ought to be done, regards the lessee as rightfully holding the possession, and, acquiring jurisdiction for specific performance, proceeds to do complete justice.

[8] The stipulation in a lease that, upon failure to pay the monthly rental within 30 days after it falls due, the lessor is "authorized to terminate" the contract, is a valid provision for the protection of the lessor.

[9, 10] The general rule is that payment after forfeiture declared of rents which accrued before forfeiture, and receipt of the same, without more does not waive an existing forfeiture. On the other hand, receipt of rents accruing after cause of forfeiture, without notice to the contrary, is a recognition of the continued existence of the lease; and a waiver of such forfeiture. Dahm v. Barlow, 93 Ala. 120, 9 So. 598; Zirkle v. Ball, 171 Ala. 568, 54 So. 1000.

[11] Where the lease is not forfeited ipso facto by nonpayment of rents, but the lessor reserves the authority or option so to do, the full payment and acceptance of accrued rents before a forfeiture is declared removes the ground of forfeiture. 36 C. J. 599; Brock v. Desmond & Co., 154 Ala. 634, 45 So. 665, 129 Am. St. Rep. 71; Princess Amusement Co. v. Smith, 174 Ala. 342, 56 So. 979.

[12] The basis of the right of forfeiture is the nonpayment of rent. The time limit fixes the date when this option to forfeit arises. If there are no rents in arrears, there is no basis for the exercise of the option. The case is not strictly one of waiver, which turns upon the question of the intent of the lessor as gathered from the circumstances, but is one wherein the condition named does not obtain; no rents being in default at the time the lessor seeks to declare a forfeiture therefor.

Brooks v. Rogers, 99 Ala. 433, 12 So. 61, dealt with a case of forfeiture declared for breach of a covenant in cutting and destroying timber on the land, and in clearing the same. It was declared that the acceptance of rents accruing prior to the breach was not a waiver of the conditions of the lease. It does not hold that, if the parties had adjusted and paid for the timber before notice of rescission, a right of forfeiture would still subsist. It is not an authority that an option to terminate the lease for nonpayment of rent can be exercised after the rent is paid and accepted before any exercise of the right of forfeiture.

In this cause it clearly appears the rents due March 15th were paid and receipt given without question on April 15th, technically one day after the 30-day period. It equally appears the notice designed to take advantage of this alleged forfeiture was served on April 16th.

Forfeitures are not favored in equity. Without here declaring whether in any case a court of equity would sustain a technical forfeiture, when payment is made on the same day of the month, instead of within the literal 30-day period in months of 31 days, we do declare that voluntary payment and acceptance of the rent on the 31st day, no forfeiture having been already rightfully declared, is such substantial compliance with the obligation of the lessee that a court of equity should not sustain a forfeiture of valuable leasehold rights for such alleged default.

[13] The fact that the lessor had theretofore mistakenly denied the right of the assignee of the lease to renew, and possession was being retained under an agreement to hold matters in statu quo until that issue was settled, does not affect the equities of the case. In equity, the lessee stood as if a renewal had been actually made, and the tentative arrangement, made without prejudice to the rights of either party, carried no notice of a purpose to declare a forfeiture upon grounds which would not obtain on a renewal in fact.

The decree of the circuit court in equity is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, THOMAS, and MILLER, JJ., concur.

SAYRE and SOMERVILLE, JJ., concur in the result.

SOMERVILLE, J. (concurring). In Abrams v. Watson, 59 Ala. 524, 531, it was said, per Brickell, C. J.:

"Covenants of this kind, for the forfeiture of a lease, and the re-entry of the lessor, by a breach of the lessee's covenant for the payment of rent, in courts of equity, and of law, are regarded as intended as a mere security for the payment of the rent. In a court of equity they are treated as the condition in a mortgage, by which at law, on default of the mortgagor in payment of the mortgage debt, the estate of the mortgagee becomes absolute and indefeasible. They are relieved against, as the mortgagor is relieved, on payment of the rent due, and damages which the lessor may have sustained. Taylor's Land. & Ten. § 495; 2 Story's Eq. § 1315. And relief is afforded, though the lessor may in ejectment have recovered possession of the premises."

This doctrine was referred to and recognized in the case of Cesar v. Virgin, 207 Ala. 148, 149, 92 So. 406, 24 A. L. R. 715.

I concur in the conclusion that the complainant was entitled to the relief granted, but prefer to rest my concurrence simply on the principle and authority of Abrams v. Watson, supra.

In this view Mr. Justice SAYRE also concurs.