111 Ga. App. 741 (1965)
143 S.E.2d 193
STATE FARM FIRE & CASUALTY COMPANY
v.
ROWLAND et al.
41258.
Court of Appeals of Georgia.
Submitted April 5, 1965.
Decided May 24, 1965.
Conyers, Fendig, Dickey & Harris, Chris B. Conyers, for plaintiff in error.
Ronald F. Adams, contra.
RUSSELL, Judge.
A portion of the well reasoned opinion of the trial court overruling the motion for judgment n.o.v. is here quoted: "Our courts have held that `in the construction of a contract, the words used therein will generally be accepted in their usual common significance.' Insurance Company of North America vs. Samuels, 31 Ga. App. 258, Indemnity Company of *742 Newark, N. J., vs. Yearwood, 50 Ga. App. 646, and that `in construing a policy of insurance so as to arrive at the true intention of the parties, the ordinary legal and literal meaning of the words must be given effect when it is possible to do so without destroying the substantial purpose and effect of the contract.' Liverpool and London and Globe Ins. Co. vs. Automobile & Supply Co., 29 Ga. App. 334.
"These decisions raise the question, therefore as to what is the meaning of the words `private structure' as used in this policy. After a diligent search, we have found no Georgia case in point . . . nor have we found any express definition of the term `private structure.' We apparently do not have, therefore, any definite ruling of our courts upon which to predicate this decision. We do find, however, the following from another State as a definition of a `public building' as distinguished from a private building: `One, of which the possession and use, as well as the property in it, are in the public.'
"Webster's dictionary says: In general, "public" expresses something common to mankind at large, to a nation, state, city or town, and is opposed to "private" which denotes what belongs to an individual, to a family, to a company or corporation.' Quoted in Chamberlan vs. Berlington, 19 Iowa 395, 403.
"Words and Phrases, Volume 33, page 706, defines 'private property as that which is one's own; something that belongs or inheres exclusively in an individual party.' While Bouvier's Law Dictionary, Volume 2, page 753, in speaking of `private property' says: `The term applies to such as belongs absolutely to an individual, and of which he has the exclusive right of disposition; property of a specific, fixed and tangible nature, capable of being had in possession and transferred to another, as houses, lands and chattels.
"That this was a personally owned piece of property is not disputed. It belonged to the plaintiffs and the general public had no interest in it. Would the fact that the owner chooses to use it for the purpose of painting or repairing cars therein for those who might seek his service, change its character from a `private structure'? . . .
"Our courts hold that contracts of insurance are to be construed most strongly against the insurer and in favor of the *743 insured. Penn Mutual Life Ins. Co. vs. Milton, 160 Ga. 168. Pacific Life Ins. Co. vs. Meldrim, 24 Ga. App. 487. Hartford Steamroller Inspection & Ins. Co. vs. Cochran Oil Mill Co., 26 Ga. App. 288. Johnson vs. Mutual Life Ins. Co. of N. Y., 154 Ga. 653. Mo. State Life Ins. Co. vs. Lovelace, 1 Ga. App. 446. Royal Union Life Ins. Co. vs. McLendon, 4 Ga. App. 620. Empire Life Ins. Co. vs. Einstein, 12 Ga. App. 380. Perkins vs. Empire Life Ins. Co., 17 Ga. App. 658.
"Also, that where the terms of an insurance policy will bear two interpretations, that one will be adopted which sustains the claim for indemnity. Etna Life Ins. Co. vs. Palmer, 159 Ga. 371. Insurance Company of North America vs. Samuels, 31 Ga. App. 258.
"Corpus Juris also says: `The language of the policy being chosen by the insurer, it should be construed, if practical, so as to cover the subject matter intended to be covered, and a policy which describes the property in comprehensive terms or under a general designation, covers whatever is commonly known by such general name or is necessarily or reasonably presumed to be within the terms used and within the intention of the parties. But a clear description will not be extended so as to include property plainly not within the terms of the policy and which could not reasonably have been within the contemplation of the parties.' 86 C. J., Section 84.
"Now the next question is, was this structure used in whole or in part for mercantile purposes.
"Webster defines 'mercantile as pertaining to merchants or to the business of merchants.' (Quoted in Re San Gabriel Sanitorium Company, 95 F. 271).
"In addition to this, we have these further definitions: 'The word "mercantile" in its original acceptation pertains to the business of merchants and has to do with trade or buying and selling of commodities.' In Re Cameron Town Mutual Fire, Lightning & Windstorm Ins. Co., 96 Fed. 756, 757. People vs. Fed. Security Co. (Cited in Words & Phrases, Vol. 27, page 95).
"`The term "mercantile business" is defined to mean the buying and selling of articles of merchants as an employment.' Veazey Drug Co. vs. Breeza, 169 Okla. 418, 37 P. 2nd 294.
"`A merchant' is one who is engaged in buying and selling *744 goods, wares or merchandise for gain or profit. `Mercantile' pertains to the business of merchants. Cleve vs. Mazzoni, Ky. 45 S. W. 88, 89.
"A shoe shine parlor and hat cleaning establishment is not a `mercantile establishment,' within the meaning of a lease providing that the premises shall not be used for other than mercantile purposes. Cesar vs. Virgin, 207 Ala. 148. 24 A.L.R. 715, 92 Sou. 406, 407.
"Where a business was essentially an automobile repair shop in which it was necessary to keep various parts for use in repairing cars, which parts were usually adjusted to cars of purchasers, and the sale of such parts constituted an inconsequential part of the business, it was held that the business was not a mercantile business within the meaning of the law under consideration. Fisk R. Co. vs. Hinson Automobile Co., 168 Ark. 418, 270 S. W. 605, 607.
"A restaurant has been held both to be (Craig vs. Bourdouris, 241 Ill. App. 392) and not to be a mercantile establishment. In Re Excelsior Cafe Co., 176 F. 294, 296.
"In view of these decisions . . . I am, therefore overruling the motion in so far as the recovery on the outbuilding is concerned."
It is only left to comment on Ziebarth v. Fidelity & Guaranty Fire Corp., 256 Wis. 529 (41 NW2d 632), upon which the defendant strongly relies. Under identical policy provisions it was there held that a garage on the insured premises used by the owner as an automobile repair shop was not a "private structure" because it was "open to the public," or, as construed in Coffey v. Girard Ins. Co., 182 Kan. 599 (322 P2d 345), because it was "in public commerce." However, having regard to the policy language (". . . to cover private structures . . . but not . . . structures . . . used in whole or in part for mercantile . . . purposes" we prefer the rationale of Dyer v. Standard Fire Ins. Co. of N. J., (Mo.) 227 SW2d 520, 523, where the line of distinction was drawn not between a "private structure" and a "structure privately owned but in public commerce," but rather between a "private structure" and a "public mercantile establishment." It was there held that a garage in which fuel oil and wood were stored, having a sign on *745 the garage door reading "Ice and Oil," and from which occasional sales of oil or wood were made, was not a public mercantile establishment. We agree with the trial court that under the wording of the policy the exclusion of structures used for "mercantile, manufacturing, or farming purposes" is ejusdem generis with and places limits upon the general idea of "private structures." "Where general words are followed by a description of specified subjects, the meaning of the general words ordinarily will be presumed to be limited to the enumerated special subjects, and to include only those things of the same nature as those specially enumerated, unless a clear manifestation of a contrary intent appears." Jenkins v. Jones, 209 Ga. 758, 761 (75 SE2d 815); Beck v. Wade, 100 Ga. App. 79, 82 (110 SE2d 43). We also agree with the trial court that the use of the garage by the insured as a shop in which he could paint and repair automobiles did not render it a mercantile or manufacturing establishment.
The trial court properly overruled the motion for judgment notwithstanding the verdict.
Judgment affirmed. Felton, C. J., and Jordan, J., concur.