THIGPEN, Judge.
This is an eviction action.
In June 1991, Mike Kiser, landlord, filed a complaint in district court against Sharon Welch, tenant, seeking to recover possession of a mobile home lot and to recover damages for wrongful possession of the lot. The district court ruled in favor of Kiser, and Welch appealed to the circuit court. The jury returned a verdict in favor of Kiser, and a *10 judgment was entered accordingly. Welch’s post-judgment motion was denied; hence, this appeal.
The dispositive issue on appeal is whether Kiser waived his right to terminate the lease by accepting rental payments.
Although the record does not contain a transcript of the proceedings, the trial court approved evidentiary statements provided by the parties. Rule 10, A.R.App.P. From that record, we find the following pertinent facts. In July 1990, Welch entered a lease agreement with Kiser that would expire May 31, 1991. The terms of the lease were that Welch would rent the lot from Kiser for $45 per month, payable three months in advance. In March 1991, Welch paid in advance for the months of April, May, and June 1991.
Kiser began eviction proceedings in April 1991, after Welch discharged a pistol on the premises while other tenants, including children, were nearby. That incident resulted in Welch’s conviction on charges of menacing, and Kiser presented evidence that at least three tenants moved from the mobile home park because they feared Welch.
Kiser presented a copy of a document entitled “Termination of Tenancy,” which stated that he had served Welch with a notice of termination of the lease on April 17, 1991. Kiser offered to refund Welch’s unused rent money upon her removal from the lot; however, she failed to move prior to the expiration of the lease, and no rent money was refunded. Welch continued to remain on the premises rent-free after the expiration of the lease agreement. Testimony disclosed that Kiser did not want money for the time Welch had lived rent-free, but merely wanted Welch to vacate the premises. Although Welch claimed that she had made approximately $3,000 worth of improvements, other witnesses rebutted Welch’s claim.
Welch argues that Kiser waived any alleged forfeiture of the lease by accepting rent that accrued after the cause of forfeiture arose.
The law recognizes that “receipt of rents accruing after cause of forfeiture, without notice to the contrary, is a recognition of the continued existence of the lease, and a waiver of such forfeiture.” City Garage & Sales Co. v. Ballenger, 214 Ala. 516, 518, 108 So. 257, 259 (1926). See also Southland of Alabama, Inc. v. Marx, Inc., 341 So.2d 127 (Ala.1976). In the instant case, the record establishes that Kiser notified Welch that he was terminating her lease, and he offered to return her prepaid rent when she vacated the property. Nothing in the record indicates that Kiser received any rent after the cause of forfeiture. It is undisputed that Welch failed to vacate the premises prior to the expiration of the lease, and, in fact, remained on the premises rent-free for several more months. The only rent she paid was paid prior to the cause of forfeiture arose.
Furthermore, the record reveals that Welch had ample notice regarding Kiser’s refusal to recognize any continuance of the lease agreement. Kiser remained diligent in his attempt to enforce the termination of the lease and to require Welch to vacate. Although Kiser’s efforts were frustrated by Welch’s refusal, the record is clear that Kiser never waived his rights. See Southland, supra.
Accordingly, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.