# Johnson *v.* Thompson.

## *Damages for Destroying Lien.*

(Decided February 12, 1914.  64 South. 554.)

1. *Landlord and Tenant; Terms for Year; Assignment. or Sub-Lease.*—The distinction between an assignment for a term of years and a sub-lease or sub-letting is that if the lessee parts with his entire interest in the term it constitutes an assignment and not a sub-letting, although the transfer is in form a sub-lease; if, however, the lessee reserves to himself a reversionary interest in the term, it constitutes a sub-lease, whatever the form of the transfer.

2. *Same; Assignment; Operation.*—The assignment of a lease or a sub-lease creates a relation of landlord and tenant, and between the lessor and the assignee or sub-lessee, with the right and liabilities incident to the relation, and the lessor retains as to him and his crops all the rights, lien, etc., given landlords by section 4734, Code 1907.

3. *Same; Lien; Advances.*—Under section 4734, Code 1907, a landlord has a lien for money advanced in taking up a mortgage on a mule of his tenant; it being immaterial that he took a transfer of the mortgage to himself, so long as he did not elect to satisfy his claim out of the mortgaged security

4. *Same; Waiver.*—The taking and retaining of mortgaged security by a landlord upon property of his tenant is not impliedly a waiver of his lien, if such a lien exists.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Conversion by J. T. Thompson against L. H. Johnson. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff sued the defendant in an action on the case for the conversion of certain cotton, upon which plaintiff claimed a lien for rent and advances for the year 1911, as landlord or Clarence Hendrix, who grew the cotton on the rented premises. The evidence for plaintiff tended to show that he leased the particular lands to Clarence Hendrix, and made advances to him. The defendant's evidence tended to show that plaintiff leased the land to Enoch Hendrix, who in turn leased

it to his son, Clarence Hendrix.   The land in question was a separate and distinct tract known as the Baker field, and it was leased by plaintiff for a separate and distinct rental of $50.   According to the testimony of Enoch and Clarence Hendrix, Enoch released the entire tract to Clarence for a year for $50.   According to the testimony of plaintiff, his claim for advances included an item of $50 for money paid by him on a mortgage given by Clarence Hendrix to a third party, and covering a mule which Clarence was then using in the cultivation of the crop.   The mortgage was overdue, and at Clarence's request, plaintiff paid the balance due on it, to the mortgagee, and had the mortgage transferred to himself.

The trial court refused to give the following charges requested by defendant:

"(1) If you believe from the evidence that Thompson rented the Baker field to Enoch Hendrix, and not to Clarence Hendrix, then plaintiff cannot recover, notwithstanding Thompson may have furnished said Clarence Hendrix.

"(2) I charge you that Thompson would not have a lien for the money paid Holmes for the mortgage."

R. E. SMITH and DOUGLASS TAYLOR, for appellant. The superior landlord has no lien for advances furnished a sub-tenant who rents from a tenant in chief.— *Simmons v. Felder*, 46 Ala. 502; *Tucker v. Adams*, 52 Ala. 254; *Robinson v. Lehman, et al.*, 72 Ala. 401; *Drakeford v. Turk*, 75 Ala. 339; *Harden v. Pulley*, 79 Ala. 381; *Mortgage Co.. v. Turner*, 95 Ala. 273.   The statutes does not give a landlord a lien for money paid a third person for a chattel mortgage executed by the tenant and  assigned to the landlord.—Section 4734, Code 1907; and authorities there cited.

BETTS & BETTS, for appellee. The amount paid on the mortgage covering the mule of the tenant was an advance to the tenant by the landlord.—*Donaldson v. Wilkerson*, 170 Ala. 507. The court properly refused the charges requested by appellant as the charges were either misleading or invasive of the province of the jury or tantamount to the general charge.

SOMERVILLE, J.—The two questions presented for review are comprehended in the special charges requested by and refused to defendant.

Conceding, without deciding, that a landlord has no lien upon the crops of a subtenant for advances made directly to *him*, and that plaintiff could not recover in this case unless he were the landlord of Clarence Hendrix during the time the advances were made to him, defendant was nevertheless not entitled to an instruction denying plaintiff's right to recover unless he had rented the land to Clarence Hendrix, or if he had rented it to Enoch Hendrix, for the year 1911. The undisputed evidence shows either that plaintiff rented to Clarence directly, or else that, having rented to Enoch, the latter in turn rented the *entire tract* for the whole term to Clarence.

"There is a well-defined distinction between the assignment of a term for years and a sublease or underletting. * * * Generally speaking, if the lessee parts with his entire interest in the term, it constitutes an assignment and not a subletting, although the instrument of transfer is in form a sublease; but if the lessee reserves to himself a reversionary interest in the term, it constitutes a sublease, whatever the form of the instrument of transfer."—24 Cyc. 974, c, and cases cited; note to *Washington Nat. Gas. Co. v. Johnson*, 10 Am. St. Rep. 557, citing and discussing numerous au-

thorities; *Sexton v. Chicago Storage Co.*, 129 Ill. 318, 21 N. E. 920, 16 Am. St. Rep. 274.

"The assignment of a lease creates the relation of landlord and tenant between the assignee and the lessor, and the rights and liabilities of those parties are such as are incident to that relation."—24 Cyc. 979, 4, a.

These principles are well settled, and from them it results that plaintiff was the landlord of Clarence Hendrix, whichever way the latter acquired the leasehold estate, and it follows, of course, that plaintiff acquired as to him and his crops all the rights given to landlords by section 4734 of the Code.

We entertain no doubt but that the money advanced by plaintiff for taking up the mortgage on his tenant's mule may come within the terms of the statute creating a lien for advances.—*Donaldson v. Wilkerson*, 170 Ala. 507, 54 South. 234. It can make no material difference that the landlord took the precaution of taking a transfer of the mortgage to himself, so long as it does not appear that he ever elected to satisfy his claim out of the mortgage security. Certainly, the retention of that security was not an implied waiver of his landlord's lien.

There being no error apparent on the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.