Woodcock v. Cochran, 21 N. M. 76.

[No. 1770, July 27, 1915.]
.[On Motion for Rehearing, December 14, 1915.]
## WOODCOCK v. COCHRAN.

### SYLLABUS BY THE COURT.
Section 3335, Code 1915, interpreted, and held not to work a forfeiture ex vi termini of a landlord's statutory lien for rent, who has taken collateral security for the rent after it has accrued, and where an intent to waive the lien is expressly disavowed by the landlord.

Appeal from District Court, Roosevelt County; McClure, Judge.

Action by Charles Woodcock against John Cochran. From Judgment for defendant, plaintiff appeals. Reversed and remanded, and rehearing denied.

Woodcock v. Cochran, 21 N. M. 76.

G. L. REESE of Portales, for appellant.

Landlord's statutory lien was not waived by taking mortgage.

Sec. 2234, C. L. 1897; sec. 2235, C. L. 1897; Wolcott v. Ashenfelter, 5 N. M. 442; 25 Cyc. 675; Grant v. Strong, 18 Wall. 623.

Waiver is essentially a question of intention.

27 Cyc. 262; Wimp v. Early (Mo), 78 S. W. 343; Mountain Electric Co. v. Miles, 9 N. M. 512; DeCordova v. Hood, 17 Wal. 1, 21 L. Ed. 587; Tiney v. Wolston, 41 Ill. 215; Muenen v. Valley Nat. Bank, 11 Mo. App. 144; Hoagland v. Lusk, 33 Neb. 376, 29 Am. St. Rep. 485; Montandon et al. v. Deas, 14 Ala. 33, 48 Am. Dec. 84; Chapman v. Brewer, 43 Neb. 890, 47 Am. St. Rep. 779.

W. E. LINDSLEY of Portales, for appellee.

The note and mortgage was collateral security.
2 Words & Phrases, 1252.

Where a transaction is forbidden by statute it is void.
Third Nat'l Exch. Bank v. Smith, 125 Pac. 632.

### OPINION OF THE COURT.

PARKER, J.—This is an action in replevin, and was tried before the court without a jury, and resulted in a judgment for the defendant. Appellant was the owner of certain premises in the town of Portales, and one Charles M. Martin was his tenant. The said Martin had in the house upon the said premises certain household goods and furniture which he used during his occupancy of the same. The said Martin paid the rent of said house until July 1, 1912. Thereupon the agent of appellant made a verbal contract with said Martin that Martin should occupy the premises at $15 per month. Martin continued to occupy the premises until the 26th day of

February, 1914, and then left the premises and the property involved in this action located in appellant's house. In the meantime Martin had paid no rent, and about a week prior to November 3, 1913, he desired to remove his household goods from the premises of appellant, and, upon being refused such permission, he desired to make further arrangements to occupy the house and premises for a longer period. It was thereupon agreed that Martin should occupy said premises until March 1, 1914, and that he should execute a mortgage upon 20 acres of real estate which he owned near Portales to secure the rents for that period, and as additional security, over and above the landlord's lien for rents already accrued. This mortgage was executed, and it was especially stipulated that appellant, by taking said mortgage, did not waive any lien he held against the household goods of Martin. The testimony for the appellant clearly shows that appellant did not intend, by taking said mortgage, to waive his landlord's lien for rent. In the meantime, on July 29, 1913, Martin executed a chattel mortgage to appellee for the sum of $509.65 upon the same household furniture and property, and on the 18th day of March, 1914, executed to appellee a bill of sale for the same property in satisfaction of the said chattel mortgage. The appellee went to the house of appellant, where the said household goods and property were situated, and removed the same therefrom without the consent and against the protest of the said appellant. Thereupon this action was instituted. The court found for the appellee.

Appellant assigns several errors, but there is really but one question in the case, and that is whether the landlord's lien of appellant for rents has, under the circumstances, been waived or lost by him. The contention that the landlord's lien has been lost or waived is founded upon the provisions of section 3335, Code 1915, which is as follows:

"No person shall be entitled to a lien under this article, who has taken collateral security for the payment of the sum due him."

This section is section 5 of an act entitled "An act providing mechanics' liens and. for other purposes," approved January 2, 1852. Laws 1851-2, p. 241. Section 14 of the same act provides for landlord's liens and is carried forward as section 3334, Code of 1915. It is clear under the facts shown in this case that there has been no waiver of the landlord's lien. This waiver was carefully guarded against by express provisions in the mortgage which the appellant took from the said Martin, and the testimony given in behalf of appellant clearly shows that there was no intent on his part to waive any lien he had upon the property. There remains, however, the question as to whether the landlord's lien has not been lost to appellant by force of the terms of the statute. The argument on behalf of appellee is that the statute destroys the lien of the landlord in case he takes collateral security for his claim for rent. The argument, on behalf of appellant is that the taking of collateral security for the rent does not destroy the landlord's lien which had already attached to the property, and that the section of the statute is to be interpreted to the effect that no landlord's lien shall attach in case he takes collateral security for the payment of the rent prior to the accrual of the rent, or at or prior to the making of the lease.

We have been referred to no case like the present, and our own research has failed to discover any. Our interpretation of the statute, therefore, must be made without the aid of judicial precedent, and must be made with due regard to the subject-matter dealt with and the words employed in the law. In the first place, it is a matter of common knowledge that landlords in most cases, before making a lease of premises to irresponsible tenants, require of them some collateral security that they will keep the premises and pay the rent during the term of the lease. This security takes the form, frequently, of a bond, with sureties, to pay the rent, the , pledge or mortgage of other property,, or the promise of a third person, and the like. Such cases would fall clearly within the terms and meaning of the statute, and the landlord

would have no statutory lien because he "has taken" collateral security for the rent. This situation is clearly· pointed out in Edward P. Allis Co. v. Madison, etc., Co., 9 S. D. 459, 70 N. W. 650, where the plaintiff attempted to file a mechanic's lien for certain machinery it had furnished to defendant, but it had taken notes secured by indorsers for the machinery at the time it was furnished. Under a statute similar to ours, the court held that there was no right to a lien. But in the case at bar appellant had acquired a landlord's lien for $195 prior to the chattel mortgage to appellee, and for $240 prior to the taking of the collateral security, in which, as before seen, waiver of the statutory lien was expressly disavowed. Under such circumstances we do not think the statute destroyed the lien. To hold that it did would be to hold that the statute is one working a forfeiture of a right already accrued in the circumstances present in this case. There is no principle of law or justice authorizing or justifying such a holding, and, on the other hand, forfeitures will only be declared when absolutely required by the facts or the terms of the law. We believe an interpretation of the statute, fair alike to the landlord and the tenant, or his assigns, is to say that it means that the taking of collateral security for the rent at the beginning of the tenancy precludes the landlord from claiming his statutory lien. The taking of collateral security after the lien has attached does not work a forfeiture of the lien, unless, indeed, the parties so intend. We are free to admit that the proper interpretation of this statute is not without difficulty, but we believe the interpretation we have given it to be in accordance with the general principles of the law, and is certainly in accordance with right and justice between the parties.

For the reasons stated, **the judgment of the** court below will be reversed, and the cause remanded, with directions to award a new trial; and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.

Woodcock v. Cochran, 21 N. M. 76.

ON MOTION FOR REHEARING.

PARKER, J.—Motion for rehearing has been filed, as authorized by rule 18 of this court, based upon section 5424, Code 1915, which provides a general rule of construction of statutes, and which section, it is claimed, has been violated, in the opinion of the court.

We are entirely satisfied with the conclusion reached in the former opinion. We desire, however, to restate the position of the court. In the opinion we stated that the section of the statute (section 3335, Code 1915) means that the taking of collateral security for rent at the beginning of the tenancy precludes the landlord from claiming his statutory lien. The taking of collateral security after the lien has attached does not work a forfeiture of the lien, unless the party so intends. We desire to restate the position of the court as follows: The taking of collateral security, either before or after the rent becomes due, does not, under the terms of the statute, work a forfeiture of the right to a lien, unless the parties so intend. If the security should be taken at the beginning of the term, it would, under all ordinary circumstances, operate as a waiver of the lien, because at that time, under a lease from month to month, as in this case, there could be but one month's rent due, and the taking of security would, ordinarily, necessarily show an intent to rely upon the security, rather than the lien. But after the rent has accrued, as in this case, the taking of security may or may not show an intent to rely on the security, rather than the lien. In this case, as before seen, the intent to waive the lien was expressly disavowed. At the time of the taking of the mortgage there was due $240 for rent, and the tenant arranged for four months longer at $15 per month, which would make the total amount due at the end of the tenancy $300. The value of the tenant's property is alleged in the replevin affidavit to be $250. The amount for which the mortgage was given was $298.25.

Under such circumstances we do not think the landlord can be said to have taken "collateral security for the payment of the sum due him." The security was collat-

eral security, but it was not taken as full security, for the debt. The landlord expressly disavowed this. It was taken as supplemental to the security of the lien. All that the statute means is that the landlord shall have either his lien or such security as he may accept as sufficient for the sum due. He may not have both.

The argument of counsel for appellee would lead to unreasonable consequences. For example, if the landlord has a claim for rent for $100, and the tenant has chattels in the house worth $50, and has other property with $50, he may not give security on the other property and the landlord may not take such security, or the landlord's lien will be forfeited. This would convert the statute into a forfeiture statute, which, as we stated in the original opinion, is not allowed.

The motion for rehearing is denied, and the former conclusion is adhered to; and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., did not participate in this or the original opinion.

---

[No. 1743, August 4, 1915.]
[Rehearing Denied January 12, 1916.]
ALGODONES LAND & TOWN CO. v. FRANK et al.

SYLLABUS BY THE COURT.

1. The doctrine of laches is not ordinarily applicable to defeat a stale claim unless it would be inequitable to allow the party to maintain the claim, and the mere lapse of time is not sufficient to require the application of the doctrine.

P. 87

2. Where both parties to a transaction have full knowledge of all the facts, there can be no estoppel by conduct.

P. 87

Appeal from District Court, Sandoval County; Raynolds, Judge.