25 P.(2d) 209

**TOMSON v. LERNER.**

No. 3787.

Supreme Court of New Mexico.

Sept. 6, 1933.

Albert Morgan, of Hobbs, for appellant.

W. H. Patten, of Lovington, for appellee.

ZINN, Justice.

From the stipulated facts and record we find that the appellee is the head of a family, a widow, living with a minor son depending upon her for support. She is not the owner of a homestead, but is the owner of personal property consisting of household goods worth about $100 and a stock of merchandise of the approximate value of $350. She is indebted to the appellant in the approximate sum of $700 for rent due on a store conducted by appellee and wherein said chattels are located. Appellant, claiming a landlord's lien, sought to foreclose on the merchandise and household goods, and appellee interposed her claim for exemption under Comp. St. 1929, § 48-117, in the sum of $500, and section 48-101, in the sum of $220, and judgment was rendered in favor of appellee allowing her an exemption of personal property of the value of $500 in lieu of a homestead exemption, on the theory, as stated by the trial court, that "the landlord's lien does not attach to exempted property," from which order and judgment the plaintiff below, appellant here, has brought this appeal.

The only contention of appellant is that the court erred in granting the appellee her exemption as against the landlord's lien.

In this case it was necessary for us to make an independent search of authorities. We have examined the cases cited in 16 R. C. L. 501, the cases cited in 25 C. J. 100, the cases cited in the note in 9 A. L. R. 310, the cases in the note in 24 L. R. A. 812, the cases

in the note in 119 Am. St. Rep. 128, and also other cases. There are very few cases directly in point. The majority of the cases examined by us are those wherein an exemption is claimed as against an agricultural landlord's lien.

The case nearest in point of facts to this case is that of Ex parte Barnes, 84 Ala. 542, 4 So. 769. By Constitution and statute it was provided that the personal property of any resident shall be exempted from sale or execution, or other process of any court, issued for the collection of any debt. Landlords of any storehouse, dwelling house, or other building were granted a lien by statute on the goods, furniture, and effects belonging to the tenant, for rent, which shall be superior to all other liens, except those for taxes. The court said: "Under the facts shown in this record, the lien for rent was paramount to the claim of exemptions. And there is no hardship in this. The merchandise was intended for sale, with a view to the profits to be realized from the sale. A store-house for its preservation, exhibition and sale, was as necessary to the business as was the merchandise itself. The two together constituted an occupation, with probable emolument. Sound commercial morality forbids that all the advantages shall inure in one direction, while nothing but losses are entailed in the other." Ex parte Barnes, 84 Ala. 540, page 543, 4 So. 769, 770.

Finding a division of authorities on the question presented, we are left to our own reasoning and to an interpretation of our statutes. It has been the accepted version in this state, extending over a period of many years, which version is based on a logical interpretation of the law, that an exemption cannot be claimed against a landlord's lien.

Comp. St. 1929, § 48-117, grants an exemption from levy and sale of real or personal property not exceeding $500 in value, in lieu of a homestead, which exemption is in addition to the chattel property designated by section 48-101.

By section 82-404 landlords have a lien on the property of their tenants which remains in the house rented, for the rent due, or to become due, by the terms of any lease or other agreement in writing, and said property may not be removed until the rent is paid or secured.

By section 48-111 the owner of real estate can by mortgage or other act waive his exemption. Section 48-117 is in lieu of the homestead provided by section 48-111, and we must look to 48-111 to interpret, if possible, the policy of the state in this instance. The lien policy in favor of the landlord was adopted Jan. 2, 1852, C. L. 1865, c. 77, § 14, many years before the exemption policy. The exemption statute was adopted in 1887, being chapter 37 of the Laws of 1887. It is apparent that the Legislature favored liens as against exemptions in the very law granting exemptions. The landlord's lien originates because of the relationship resulting from landlord and tenant. When the tenant moves into the premises of his landlord, by his own act he creates the lien in favor of the land-

lord, and thereby waives his exemption as effectively as though he had granted a mortgage.

It is the appellee's theory that the statute fails to except landlord's liens from the operation of the exemption statute, as it does mortgages, mechanic's liens, etc.

It was not necessary to except landlord's liens from the operation of the exemption statute. The lien has always been deemed superior to the exemption, and 'it was not necessary to specifically provide that exemptions could not be claimed as against a lien for rent, other than as a matter of extra precaution.

No exemption is granted against the lien or debts secured by a lien, but the exemption as to the personal property in lieu of a homestead is from levy and sale. The very title of the exemption statute shows that it is intended to grant exemption against forced sale under execution. "An Act to provide for the exemption of property from forced sale under execution." Session Laws of 1887, c. 37. The manner of enforcement of a landlord's lien is by foreclosure or notice. See section 82-411. In the instant case attachment was the remedy sought, but the method was not questioned. The lien preserves to the lien claimant his security in the property to which his lien is attached for the debt from which the debtor cannot relieve himself. The lien is not discharged until the debt is paid or secured.

The lien statute does not provide that the landlord shall have a lien upon the tenant's property not subject to execution or attachment, nor does it provide that the landlord shall have a lien upon the property of his tenant not subject to exemption, but provides that the landlord shall have a lien upon the property of his tenant which remains in the house rented. The landlord's lien would not attach to other property of the tenant, but merely attaches to such property as within the law remains in the house rented.

There is no specific provision in our statute that a chattel mortgage or conditional sales contract could be enforced as against a claim of exemption, Comp. St. 1929, c. 21, but there is no doubt as to the decision in such event.

Neither is there a specific provision making an innkeeper's lien good as against a claim of exemption; see section 82-405. Rarely does a lodger bring anything into a hotel except wearing apparel, and, under section 48-101, if the exemption could be claimed as to the wearing apparel belonging to the transient tenant or lodger in a hotel or inn, and because the lien granted to innkeepers is not within the enumerated exceptions as against a claim for exemption, such lien granted by the statute to innkeepers would be worthless.

Nor could a mechanic hold a thing repaired for the amount due for work as against an exemption claimed, if the debtor, his agent or attorney, would select the automobile or thing repaired as exempt, if such theory of appellee be sustained.

The entire lien policy of the state could be defeated in such manner, and the exemption policy was not adopted for such purpose. The exemption statute was adopted as a humane policy to prevent families from becoming destitute as the result of misfortune through common debts which generally are unforeseen, but leaves to the individual the right to waive his exemption either by mortgage or operation of law, and, when a person moves upon the premises of another, he is aware, not only of the law which gives the landlord a lien upon the chattels which he brings into the place, but of the established policy in this state, and thereby concedes to the landlord the right to hold such chattels for rent due until paid or secured, and thereby waives his exemption as effectively as if he had given to the landlord a conventional chattel mortgage on such property to secure the landlord in his rent.

This is not a weighing of equities, nor of determining priorities of liens. The rights of both landlord and tenant are founded in law, and it was never the intention of the Legislature to permit a claim of exemption to defeat a statutory lien, not that landlords as individuals are sacrosanct, but their property rights are as sacrosanct in law as that of the tenant.

We hold that a claim of exemption in lieu of a homestead, under section 48-117, cannot be claimed as against a landlord's statutory lien for rent, and the judgment of the district court must be reversed, and the cause remanded, with instructions to deny such claim of exemption, and to proceed with said cause.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.