398 P.2d 57

Walter A. GATHMAN and Earl L. Mayne, Plaintiffs-Appellees,

v.

FIRST AMERICAN INDIAN LAND, INC., a New Mexico Corporation, Defendant, Research Park, Inc., Respondent-Appellant.

No. 7523.

Supreme Court of New Mexico.

Jan. 4, 1965.

**730**

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Craig Morton, Jr., Albuquerque, for appellees.

COMPTON, Justice.

This appeal involves the right of priority between a judgment lien and a landlord's lien.

There is no material dispute concerning the facts. Appellees recovered judgment February 7, 1962 against First American Indian Land, Inc. for architectural services rendered by them. Execution thereon was issued February 13, 1962, and, on February 16, 1962, the sheriff levied upon and took possession of certain chattels, the property of First American Indian Land, Inc., located upon premises then leased by it from Research Park, Inc.

At this stage of the proceedings, it was brought to the attention of the appellees that the respondent, Research Park, Inc., was claiming a landlord's lien upon the chattels so levied upon, and that Research Park, Inc. was interfering with the sheriff in making sale of the chattels. Appellees then moved for, and were granted, an order directing Research Park, Inc. to show cause, if any, why it should not cease interference with the sheriff's sale.

At a hearing on the motion, the following facts appear as found by the court. On April 15, 1961, Research Park, Inc. had entered into a ten-year lease agreement in writing with First American Indian Land, Inc. covering the premises upon which the chattels in question were situated with rentals payable monthly. In September, 1961, rentals under the terms of the lease became delinquent and, on April 16, 1962, Research Park, Inc. instituted a forcible entry and detainer action against First

American Indian Land, Inc. Subsequently, on May 4, 1962, Research Park, Inc. filed an amended complaint asserting a landlord's lien upon the chattels for the rentals due and sought its foreclosure.

The court concluded that the execution lien was paramount and was entitled to priority over the landlord's lien. Accordingly, the show cause order was made permanent, and Research Park, Inc. has appealed.

Appellant maintains that it is in a favored position by reason of the landlord's lien for rentals due and to become due. Conversely, appellees contend that they perfected their lien long prior to the filing of the landlord's suit.

We think appellant's position is sound. The landlord's statutory lien attached at the beginning of the tenancy for rental due or to become due under the terms of the lease with First American Indian Land, Inc., § 61–3–4, N.M.S.A., 1953. Compare Sylvanus v. Pruett, 36 N.M. 112, 9 P.2d 142; Tomson v. Lerner, 37 N.M. 546, 25 P. 2d 209, 96 A.L.R. 246; United States v. Lawler, 201 Va. 686, 112 S.E.2d 921; Universal C. I. T. Credit Corporation v. Parker, 117 So.2d 660 (La.App.1960); Elmira Corporation v. Bulman, 135 A.2d 645 (D.C.Mun.App.1957); Dewar v. Hagans, 61 Ariz. 201, 146 P.2d 208, 151 A.L.R. 673.

See also 52 C.J.S. Landlord and Tenant § 623.

But appellees insist that the following statutes are controlling:

"61–3–8. Priorities between liens.— The priorities of liens provided for by this act [61–3–1 to 61–3–13] shall be fixed as to several lien claimants as of the time of serving notice or of filing suit as provided in section 3343 [61–3–11]."

"61–3–11. Enforcement of liens— Optional methods.—In order to enforce any lien under this act (61–3–1 to 61–3–13) the procedure shall be the same as in case of the foreclosure of a chattel mortgage if suit be filed in court. The lien claimant when the property subject to the lien is under his control or in his possession may, after the debt for which the lien is claimed becomes due and payable, serve the person or persons against whom the lien is sought to be enforced with a written notice or forward to the last known address of such person, by registered mail, a written statement, setting forth an itemized statement of the amount of the indebtedness, and if the same be not paid within ten [10] days after the service of said notice the property may be advertised by posting or publication

as hereinafter provided, and sold to satisfy the indebtedness."

They claim that the phrase "by this act shall be fixed as to several lien claimants," means all lien claimants, including judgment liens. We do not so construe the statute. Clearly, the act referred to is composed of §§ 61–3–1 through 61–3–13, N.M. S.A., 1953, and provides for a variety of liens, including landlord's liens; however, judgment liens are not mentioned therein. See Tomson v. Lerner, supra; Holdane v. Sumner, 15 Wall. 600, 82 U.S. 600, 21 L.Ed. 254; Tiffany, Landlord and Tenant, § 321; 1 Jones on Liens, § 553; Sylvanus v. Pruett, supra; Henderson v. Mayer, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233.

▆ The trial court concluded that appellant had accepted collateral security for the rentals due and to become due and thereby effectively waived its landlord's lien. This conclusion is attacked as not being based upon a finding of fact nor supported by substantial evidence. It appears that the basis for the conclusion is paragraph X of the lease between the appellees and First American Land, Inc. The paragraph reads:

"*Improvement of Premises.* Lessee [First American Indian Land, Inc.] shall have the right to construct improvements on the premises and to make alterations and/or additions to the improvements and/or fixtures constructed upon the premises, or to demolish all or any part thereof, or to erect additional improvements or fixtures on the premises, all of which may be done at any time or from time to time. In the event of the demolition of any improvements by Lessee, within sixty (60) days after completion of such demolition, Lessee shall commence the construction of the new improvements on the premises, which, when completed, shall have a replacement value in excess of the value, on the date of demolition, of the improvements demolished. Such construction shall be continued diligently to completion. In connection with any action which Lessee may take pursuant to this paragraph, Lessee covenants and agrees to pay all costs, expenses and liabilities arising out of or in any way connected with such alterations, improvements or additions made by it and to hold harmless and indemnify Lessor from or against any such costs, expenses and liabilities, including liability which might arise from any mechanics', laborers' and/or materialmen's liens or other liens of similar nature. Lessee covenants and agrees that Lessor shall not be obligated to make any improvements, alterations or repairs whatsoever in or about said premises,

and Lessor shall not be liable or accountable for any damages to said premises and/or any property located thereon."

We see nothing in the language of paragraph X that would indicate a waiver of the lien by appellant. A statutory lien is not waived by taking other security unless the security taken is inconsistent with that given by law. See In re Frick Book & Stationery Store, 38 N.M. 120, 28 P.2d 660 and Woodcock v. Cochrane, 21 N.M. 76, 153 P. 273. The replacement of demolished improvements with improvements of a greater value upon the leased premises does not indicate an inconsistency with the original security given, nor does it constitute the taking of collateral security. That the fixtures and improvements were removable chattels is not an indication of the lessor's intention to waive its statutory lien.

It is our conclusion that appellant's landlord's lien was superior and paramount to that of the judgment creditor. It follows that the order must be reversed and remanded to the trial court with direction to proceed in a manner not inconsistent herewith.

It is so ordered.

NOBLE and MOISE, JJ., concur.