543 P.2d 482

**NATIONAL INVESTMENT TRUST, a Massachusetts Business Trust, Plaintiff-Appellee,**

v.

**FIRST NATIONAL BANK IN ALBUQUERQUE, Defendant-Appellant.**

**No. 10307.**

Supreme Court of New Mexico.

Dec. 9, 1975.

Ashby, Rose & Sholer, Stewart Rose III, Robert J. Torvestad, Albuquerque, for plaintiff-appellee.

Rodey, Dickason, Sloan, Akin & Robb, P. A., Jonathan W. Hewes, Albuquerque, for defendant-appellant.

## OPINION

STEPHENSON, Justice.

The plaintiff, National Investment Trust (Trust) brought this action in district court to foreclose a landlord's lien arising from its lease with G. H. and Jeanne Lyons (Lyons). First National Bank in Albuquerque (Bank) asserted a security interest in the inventory of Lyons, who had been adjudged bankrupt. The trial court ruled that the landlord's lien was prior to the security interest. The Bank appeals. We reverse.

On July 11, 1970, John Schuckert entered into a business lease with Trust. In April, 1972, Lyons borrowed money from the Bank to purchase Schuckert's furniture business. Lyons gave a security interest in all inventory "now owned and hereafter acquired." The document was filed on April 3, 1972. In May, Lyons purchased the business and on May 17, 1972 took an assignment of Schuckert's lease with Trust. Thereafter, during the course of Lyons' business, certain inventory, which is the subject of this claim, was purchased from Flexsteele Industries, Inc. The Bank asserts its priority by virtue of its security interest in after-acquired inventory, while Trust relies on the statutory landlord's lien.[1]

The preliminary question before us is whether the landlord's lien was affected by the assignment of the lease in May, 1972. By written agreement on May 17, 1972, Lyons assumed all obligations under the lease except for liability incurred before the date of the assignment. An assignment of a lease creates the landlord-tenant relationship between the lessor and assignee, and the lessor retains all rights, including landlord's liens: *Johnson v. Thompson*, 185 Ala. 666, 64 So. 554 (1914); 49 Am.Jur.2d Landlord and Tenant §§ 452, 459 (1970). But by agreement here, Trust agreed to hold Lyons responsible only for liabilities incurred after May 17, 1972. The primary liability sought to be avoided by Lyons was any rent due from the previous lessee Schuckert.[2] Thus, Trust could enforce a landlord's lien against Lyons for rent due or to become due only after May 17, 1972.

In order to determine which interest has priority, we must decide which interest was first to attach. Generally, a landlord's lien attaches at the beginning of a tenancy for the rent due or to become due under the terms of the lease. *Gathman v. First American Indian Land, Inc.*, 74 N.M. 729, 398 P.2d 57 (1965). But in *Gathman* it is clear that the property subject to the lien was present on the property when the tenancy began. That is not true in this case. Lyons acquired the Flexsteele inventory after his term began, and the landlord's lien could only attach at the time the property came onto the premises.[3] Cf. *Wolcott v. Ashenfelter*, 5 N.M. 442, 23 P. 780 (1890); *Cochran v. Canty*, 176 Iowa 713, 158 N.W. 559 (1916). Trust's lien attached then when the Flexsteele inventory was delivered to the property.

We turn now to the Bank's security interest. It was filed on April 3, 1972, but a security interest must also attach to the collateral before it is perfected. § 50A–9–303 N.M.S.A.1953 (UCC § 9–303). A security interest in after-acquired property attaches when there is an agreement that it attach, value is given, and the debtor has rights in the collateral. UCC § 9–204(1). The question here is when did Lyons have rights in the collateral, the goods sold by Flexsteele? The trial court found that Flexsteele provided delivery of the items in its own trucks and at its own risk, and that all sales were for cash on delivery. Lyons thus acquired rights in the collateral when it was delivered to Lyons. The security interest attached at that point and it was perfected.

---

1. Section 61–3–4 N.M.S.A.1953 provides: "Landlords shall have a lien on the property of their tenants which remains in the house rented, for the rent due, or to become due by the terms of any lease or other agreement in writing, and said property may not be removed from said house without the consent of the landlord, until the rent is paid or secured."

2. The assignment states in part: "Lessor and Schuckert represent to Lyons that inso-

far as Lessor is concerned Schuckert is current on the lease and Lyons will have absolutely no liability on this lease up to and including the date of this assignment."

3. According to § 61–3–4 N.M.S.A.1953, a landlord's lien extends only to property "which remains in the house rented." By implication it could not attach to property not on the premises.

The dilemma we face then is the priority between a landlord's lien and a security interest which attached at the same time, namely when the Flexsteele inventory was delivered to Lyons. In *Chessport Millworks, Inc. v. Solie*, 86 N.M. 265, 522 P.2d 812 (Ct.App.1974), the Court of Appeals held, and we agree, that there is no statutory provision, including the UCC, to cover the priority between a statutory landlord's lien and a perfected security interest. 86 N.M. at 268, 522 P.2d at 815. In that case the landlord's lien attached before the security interest was perfected, and the lien was given priority, on the basis of the "first in time, first in right" doctrine. In the case before us, however, the interests attached at the same time.

 We must rely then on existing New Mexico case law to determine the priority between the interests. *Universal C.I.T. Credit Corp. v. Congressional Motors*, 246 Md. 380, 228 A.2d 463 (Md.1967); *In re Einhorn Bros., Inc.*, 171 F.Supp. 655 (E. D.Pa.1959), aff'd 272 F.2d 434 (3rd Cir. 1959). The court in *Dees v. Dismuke*, 30 N.M. 528, 240 P. 198 (1925), held that the holder of a valid chattel mortgage had priority over a landlord who entered into a new lease after the mortgage was recorded. The decision was based on the policy that a secured creditor whose interest was created and recorded before a tenancy began should be protected from a subsequently created landlord's lien. We agree, and hold it to apply to the priority between a perfected security interest under the UCC and a statutory landlord's lien which attach at the same time. The Bank loaned their money to Lyons over a month before he entered into the assignment with Schuckert and Trust. Trust's landlord's lien against Lyons for rent due, or to become due did not even exist on April 3, 1972, as against Lyons; it arose on May 17, 1972. The Bank cannot be charged with notice of an interest which did not exist; on the other hand, Trust had notice of the recorded security interest at the time of the assignment. Therefore, the security interest of the Bank has priority over the landlord's lien of Trust.

The judgment of the trial court is reversed. The case is remanded to the trial court to set aside its judgment and enter judgment for the appellant.

McMANUS, C. J., and SOSA, J., concur.